UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL A. ROBINSON, #172898,

        Plaintiff,

                                           CASE NO. 05-CV-72995-DT
v.                                         HONORABLE BERNARD A. FRIEDMAN

SHERRY M. BURT, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

I.    Introduction

        Before the Court is Plaintiff Darryl Robinson's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are the warden at the Southern Michigan Correctional Facility in Jackson, Michigan and two employees of that facility.

        In his complaint, Plaintiff challenges two disciplinary misconduct violations for forgery which were imposed while he was confined at the Jackson facility. Plaintiff seeks monetary damages, injunctive relief, and other appropriate relief. Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II.    Discussion

        Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of

1

confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner must attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Exhaustion is not jurisdictional; but it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999). The exhaustion requirement applies to § 1983 actions brought by a state prisoner even if the prisoner seeks monetary relief. *Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999). Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104.

A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner has the burden of proving that a grievance has been fully exhausted. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts those remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). Total exhaustion is required under the PLRA such that a complaint containing both exhausted and unexhausted claims must be dismissed without prejudice. *See Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See Baxter*, 305 F.3d at 488.

In his complaint, Plaintiff states that he has filed three grievances against the defendants, but admits that he has not pursued his remedies through the appellate process of the grievance procedure. Plaintiff has thus failed to meet his burden of showing that he has fully exhausted his administrative remedies as to each of the claims contained in his complaint. Pursuant to the total exhaustion rule, therefore, his complaint must be dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate total exhaustion of administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint. The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: _____August 16, 2005_